### H. STONEHAM *v.* THE STATE.

1. **VARIANCE.** — Indictment described a stolen ox as "one red and white spotted ox, branded on the left hip thus: "JA G;" whereas in the evidence it was described as a "red and white spotted steer, branded on the left thigh with the letters J A G, connected." *Held,* not a material variance, and this case distinguished from *Ranjel* v. *The State,* 1 Texas Ct. App. 461.

2. **THEFT — BURDEN OF PROOF.** — When the state has adduced sufficient evidence to support a conviction, the accused has the burden of establishing any excuse, justification, or explanation he may assert — as, for instance, a *bona-fide* claim of ownership of an animal charged to have been stolen.

APPEAL from the District Court of Montgomery. Tried below before the Hon. J. MASTERSON.

The opinion discloses the case. The defense offered no evidence.

*L. A. Abercrombie,* for the appellant, filed an admirable brief and argument.

*George McCormick,* Assistant Attorney General, for the State.

WINKLER, J. The appellant was tried and convicted of theft of an ox, his punishment being assessed at confinement in the state penitentiary for a period of two years. A motion for a new trial was made and overruled, and this appeal is prosecuted.

Two grounds are mainly relied on by counsel for the appellant, based upon the motion for a new trial and the assignment of errors, to wit:   First, that there is a material variance between the allegations in the indictment descriptive of the animal alleged to have been stolen and the proof adduced on the trial.   The second is that there is not sufficient evidence of a felonious taking of the property to justify a conviction for theft; and in this connection complaint is made that the law was not fully charged by the court on the subject of the taking, and that the court failed to instruct the jury as to the difference between theft and trespass.

The description of the ox given in the indictment is, "one red and white spotted ox, branded on the left hip thus," and here follows a character representing the letters J A G, the first two letters, J and A, being connected together, the stem of the J forming a part of the second letter, A, and the other letter, G, following the other two letters, but not connected with the other two letters or either of them; whereas the animal is described in the evidence as a red and white spotted steer, branded on the left thigh with the letters J A G, connected.   One witness testified that the old brand of Glover, J A G, was upon the left thigh.   This witness says he called the defendant's attention to the J A G brand, and told him he, the witness, had bought the ox from Glover, and that was Glover's brand.   J. A. Glover testified that he sold James Jones a red and white spotted steer; "the steer was branded with my brand, the letters J A G, connected, on the left thigh."

It seems that at least one object sought by the inquiry was to establish whether the brand upon the animal was the brand of the witness J. A. Glover, from whom the alleged owner claimed to have purchased it.   Keeping this idea in view as to the object of the inquiry, the question being the

fact of Glover's brand, rather than the manner of making it, and finding the letters in the correct position to represent the initial letters of Glover's name, it was of no grave concern whether all, or only part, of the letters were connected together. So, too, with reference to the difference claimed as between the hip and the thigh. Without attempting a legal definition of the two words or terms, it is deemed sufficient to say that, if they do not convey precisely the same thing, they are so nearly the same portion of the animal that one looking for a brand upon the hip would not fail to see a brand upon the thigh, and *vice versa.*

The testimony on this branch of the inquiry being taken in connection with the other testimony, and the identity of the animal being the main subject of inquiry, it is not believed that the variance is of such importance as to authorize a reversal of the judgment. This case is distinguishable from that of *Ranjel* v. *The State,* 1 Texas Ct. App. 461. In that case the letters composing the brand were not placed in the indictment as proved in the evidence. In the one they were P A R; in the other they were P R A, and the variance between the allegation and the proof was held to be fatal. Whereas in the present case the letters stand in the same relative position in the allegation and in the proof; and in both there is a connection. of one letter with another, so that a part of one forms a part of another.

Besides, it does not appear that any importance was attached to this particular feature of the case, either on the trial or in the motion for a new trial. Doubtless, if the subject had been one of moment on the trial, a proper examination of the witnesses would have disclosed precisely what the witnesses meant by saying the brand was formed by the letters being connected, and whether they intended to be understood as saying the three letters were all connected, or only a portion of them. And the same may be said with

reference to the testimony as to the precise portion of the animal the brand was placed upon. The evidence is clear on the point of the identity and ownership of the animal, aside from the brand.

With reference to the other main feature of the case, to wit, the sufficiency of the evidence to establish a fraudulent taking, and the charge of the court on that branch of the case, we are of opinion the evidence adduced and the charge of the court answer the objection. The second paragraph of the charge is as follows: "If the proof satisfies you, beyond a reasonable doubt, that the defendant on trial did, in Montgomery, Texas, on or about the 1st day of September, 1874, fraudulently take from the possession of J. L. Jones the ox described in the indictment; and if you are further satisfied from the evidence that defendant fraudulently took said ox, without the consent of the owner, with intent to deprive the owner of the value of the same, and to appropriate said ox to his, defendant's, own use or benefit, then find defendant guilty of theft of the ox as alleged in the indictment, and affix the punishment," etc.

This instruction, it is believed, gave the jury properly to understand the character of the taking, and the intent with which it must be done, to justify a conviction of theft.

Whatever of deficiency there was otherwise in the testimony, this was supplied by the admissions of the accused in his interview with Jones, as set out in the statement of facts. The state having produced evidence sufficient to sustain a conviction, it behooved the accused, if he had any legal excuse, justification, or explanation of his action, to have made it then and there.

The cases cited in the appellant's brief, and upon which reliance for a reversal is placed, are unlike the present case in at least one important feature, to wit, the innocent claim of having purchased the property from another.

After a careful consideration of the case as made by the

record, and in the light of able argument for the appellant, we conclude that this court would not be warranted in disturbing the action of the court below in the case. The judgment is affirmed.

*Affirmed.*